IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| J. EDISON ADAMS, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | No. 24-5926 |
| | : | |
| STATE FARM FIRE AND CASUALTY COMPANY | : | |
| | : | |

**MEMORANDUM**

**Judge Juan R. Sánchez**                                                                                                                                                                       **July 11, 2025**

       After the home they co-own was damaged in a fire, Plaintiffs J. Edison Adams and Janice Adams sought coverage under a homeowners insurance policy issued by Defendant State Farm Fire and Casualty Company to J. Edison Adams. State Farm denied the claim, and Plaintiffs then filed this action against State Farm, asserting claims for breach of the insurance contract and statutory bad faith. State Farm now moves to dismiss the claims brought by Janice Adams for lack of standing. The Amended Complaint does not allege facts from which it can be plausibly inferred that Janice Adams has standing to sue either as a named insured under the insurance policy or a third-party beneficiary of the policy. Nor does it allege facts to support a plausible inference that State Farm has waived (or is estopped to assert) any argument that Janice Adams is not entitled to benefits under the policy. State Farm's motion to dismiss will therefore be granted; however, the Amended Complaint will be dismissed without prejudice to give Plaintiffs the opportunity to file a second amended complaint, if they choose.

**BACKGROUND**[1]

---

[1] In evaluating State Farm's motion to dismiss, the Court accepts the well-pleaded facts set forth in the Amended Complaint as true and views them in the light most favorable to Plaintiffs. *Miller v. Fortis Benefits Ins. Co.*, 475 F.3d 516, 519 (3d Cir. 2007).

Plaintiffs J. Edison Adams and Janice Adams own a property located at 2352 Grey Fox Drive in Stroudsburg, Pennsylvania (the "Property"), where they both reside.[2] Am. Compl. ¶¶ 1, 22, ECF No. 10. The Property is insured under a homeowners policy issued by State Farm (the "Policy"). *Id.* ¶ 5. The Policy provides coverage for the dwelling and other structures under "Coverage A," and for personal property under "Coverage B." Def.'s Ex. C, ECF No. 12-5 at 28-31[3]; *see also* Am. Compl. Ex. B, ECF No. 10 at 44-45. Only J. Edison Adams is listed in the Policy Declarations as a named insured. Def.'s Ex. C, ECF No. 12-5 at 6.

On March 21, 2024, there was a fire at the Property, causing substantial damage. Am. Compl. ¶ 6 & Ex. A. After the fire, Plaintiffs[4] submitted a notice of loss to State Farm. *Id.* ¶ 7. While the claim was pending, State Farm requested examinations under oath of both Plaintiffs, which were conducted on July 11, 2024. *Id.* ¶¶ 8-9. On August 21, 2024, State Farm sent Mr. Adams a letter (the "Denial Letter") denying coverage for the Coverage A portion of the loss and

---

[2] In their opposition to the motion to dismiss, Plaintiffs assert Janice Adams became an owner of the Property in 2020 after J. Edison Adams refinanced the mortgage on the Property and added her to the mortgage and the deed. ECF No. 13 at 7.

[3] Although Plaintiffs did not attach a copy of the Policy to their Amended Complaint, alleging they do not possess a copy, Am. Compl. ¶ 5, State Farm included the Policy as an exhibit to its motion to dismiss, Def.'s Ex. C, ECF No. 12-5. Because the Policy is "an undisputedly authentic document" on which Plaintiffs' claims are based, the Court may properly consider it at the motion to dismiss stage. *Am. Corp. Soc'y v. Valley Forge Ins. Co.*, 424 F. App'x 86, 88-89 (3d Cir. 2011) (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)) (holding an insurance policy may be considered at the motion to dismiss stage in a coverage dispute).

[4] The Amended Complaint uses the singular term "Plaintiff" to refer to J. Edison Adams and Janice Adams collectively. Am. Compl. ¶ 1. The Court does not follow this convention herein but assumes references to "Plaintiff" in the Amended Complaint are to both Plaintiffs unless it is clear from the context—or from other materials the Court may consider at the motion to dismiss stage—that the term refers to only one of them.

limiting the personal property coverage provided under Coverage B to property owned by Mr. Adams and located at the Property. *Id.* ¶ 10 & Ex. B.

The Denial Letter stated the Coverage A portion of the loss was denied because Mr. Adams did not reside at the Property during the policy period of July 1, 2023 to July 1, 2024 and the Property therefore did not qualify as a "residence premises" as defined by the Policy.[5] *Id.* ¶ 11 & Ex. B at 1. State Farm based its position on Mr. Adams's testimony at his examination under oath that he was in the Dominican Republic from May 15, 2021 through the date of the fire on March 21, 2024, except for four days in August 2023, when he returned to the United Sates to attend a funeral in Buffalo, New York. *Id.* Ex. B at 1. Plaintiffs allege the denial is incorrect and unreasonable because even though Mr. Adams owns a property in the Dominican Republic, they produced documents at the examination under oath reflecting that they reside at the Property. *See id.* ¶¶ 14-20.

The Denial Letter also stated that neither Janice Adams nor the Adamses' children and grandchild—Jala Adams, J. Edison Adams II, and Joyia Adams—qualified for benefits under Coverage A or Coverage B because they did not meet the definition of "you" or "your relatives" in the Policy[6] and because their personal property "was not on the part of the 'residence premises'

---

[5] The Policy defines "***residence premises***" as:

    a. the one, two, three or four family dwelling, other structures and grounds; or
    b. the part of any other ***building structure***;
where ***you*** reside and which is shown in the ***Declarations***.

Def.'s Ex. C, ECF No. 12-5 at 27; *see also* Am. Compl. ¶ 12 & Ex. B at 3.

[6] Under the Policy, the term "***insured***" means "***you***," "***your relatives***," and "any other person under the age of 21 in the care of a person described above." Def.'s Ex. C, ECF No. 12-5 at 25. "'***You***' and '***your***' mean the person or persons shown as 'Named Insured' in the ***Declarations***"—here, J. Edison Adams—and also include a spouse of, party to a civil union with, domestic partner of, or person in a substantially similar legal relationship with a Named Insured, "if such relationship is

occupied exclusively by an 'insured.'" Am. Compl. ¶ 21 & Ex. B at 1.  Plaintiffs dispute these assertions, alleging "[u]pon information and belief," that Janice Adams "*should have been* a Named Insured" because she is a co-owner of the Property whose name is on the deed for the Property and the mortgage, and State Farm had a copy of both documents.[7]  *Id.* ¶ 22 (emphasis added).  Plaintiffs also allege State Farm's conclusion that Jala, J. Edison II, and Joyia Adams do not qualify as "your relatives" is incorrect and unreasonable because all three are related to Plaintiffs by blood and reside exclusively with them.  *Id.* ¶¶ 23-26.

---

recognized and valid in the state where, and at the time when, the legal relationship was established, so long as the person in the above relationship resides primarily with that 'Named Insured'."  *Id.* at 27-28.  And "*relative*" means:

> any person related to *you* by:
> a.  blood;
> b.  adoption;
> c.  marriage; or
> d.  civil union, domestic partnership, or other substantially similar legal relationship that is recognized and valid in the state where, and at the time when, the legal relationship was established;
> and who resides primarily with *you*."

*Id.* at 27.

[7] The Amended Complaint also alleges that "Plaintiff"—a term that, as noted, the pleading uses to "collectively refer[]" to *both* Plaintiffs—"meets the definition of '*you*' under the Policy." Am. Compl. ¶¶ 1, 13.  But Janice Adams is admittedly not a named insured in the Policy.  *See* ECF No. 13 at 3 ¶ 16 (Plaintiffs' admission that the Policy identifies only J. Edison Adams as a named insured); Def.'s Ex. C, ECF No. 12-5 at 6 (listing only J. Edison Adams as the named insured); Am. Compl. ¶ 22 (alleging only that Janice Adams "*should have been* a Named Insured" (emphasis added)).  And the Amended Complaint does not allege she was J. Edison Adams's spouse at the time of the fire or that she was in a civil union, domestic partnership, or other substantially similar legal relationship with him, as required to come within the Policy's definition of "*you*."  Indeed, the Amended Complaint does not allege any facts regarding the relationship between Janice Adams and J. Edison Adams.  The Court notes, however, that in its reply brief, State Farm asserts Janice Adams testified during her examination under oath that she and J. Edison Adams divorced in 1998.  ECF No. 14 at 1 n.1.

4

After State Farm denied their claim, Plaintiffs sued State Farm in the Court of Common Pleas of Philadelphia, asserting claims for breach of contract and bad faith. State Farm removed the case to this Court and moved to dismiss all claims except J. Edison Adams's claim for breach of contract pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs then filed an Amended Complaint asserting the same two claims. State Farm has again filed a motion to dismiss, this time seeking dismissal of only Janice Adams's claims in the Amended Complaint on the ground that she lacks standing to sue. Plaintiffs oppose the motion.

**DISCUSSION**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a motion to dismiss, the reviewing court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *See Miller*, 475 F.3d at 519.

State Farm argues Janice Adams's claims should be dismissed for lack of standing because she is neither a party to the insurance contract nor a third-party beneficiary of the contract. Plaintiffs maintain State Farm has waived any argument that Janice Adams lacks standing to sue by accepting premium payments from her after receiving notice of her ownership interest in the Policy. They alternatively argue Janice Adams has standing as a third-party beneficiary of the Policy. Because the Amended Complaint, as currently pled, does not support either theory, the motion to dismiss will be granted.

In general, a person who "is not a party to a contract lacks standing to sue to enforce the terms of the contract." *ECN Fin., LLC v. Chapman*, No. 17-2842, 2018 WL 623679, at *3 (E.D. Pa. Jan. 30, 2018). Here, the Amended Complaint does not plead facts suggesting Janice Adams was a party to the insurance contract. As noted, the Amended Complaint does not allege Ms. Adams was a named insured in the Policy, and the Policy itself identifies only J. Edison Adams as a named insured. Although the Policy also covers certain relatives of the named insured, the Amended Complaint includes no allegations from which it could be inferred that Janice Adams had a relationship with J. Edison Adams that would qualify her as an insured. *See* n.7 *supra*. Finally, while the Policy provides the option to extend coverage to "additional insureds," Def.'s Ex. C, ECF No. 12-5 at 56, Plaintiffs do not suggest Janice Adams is an "additional insured" under the Policy. No additional insured is identified in the Declarations, *id.* at 5-6, and there is no indication the Policy includes any additional insured coverage, *see id.* at 7, 56 (optional policy provisions selected do not include "Option AI – Additional Insured").

Janice Adams is alleged to be a co-owner of the Property. But it is "[t]he terms of the contract, not ownership, [that] determines to whom an insurer is obligated." *Banos v. State Farm Ins. Co.*, No. 07-2783, 2007 WL 2972600, at *1 (E.D. Pa. Oct. 10, 2007); *see also Guardo v. Buzzuro*, No. 1905 EDA 2017, 2018 WL 3133679, at *3 (Pa. Super. Ct. June 27, 2018) ("Pennsylvania law is well-settled that a party's right to recover under an insurance policy is determined by the terms of the policy and not the ownership of the underlying insured asset."); *Bryant v. Girard Bank*, 517 A.2d 968, 978 (Pa. Super. Ct. 1986) (same), *abrogated on other grounds by Bd. of Supervisors of Willistown Twp. v. Main Line Gardens, Inc.*, 155 A.3d 39 (Pa. 2025). Thus, her ownership interest in the Property does not give her a contractual right to the proceeds of the Policy. *See Banos*, 2007 WL 2972600, at *1-2 (holding that where six siblings

jointly inherited their mother's home but only two of the six were listed as named insureds in the fire insurance policy, the unnamed siblings had "no claim in contract" as they were neither parties to nor insureds under the insurance contract); *McDivitt v. Pymatuning Mut. Fire Ins. Co.*, 449 A.2d 612, 615 (Pa. Super. Ct. 1982) (noting "[p]roperty ownership . . . is of minimal importance in determining entitlement to the proceeds of insurance, since the nature and extent of the various rights and obligations of the parties are governed by the terms of the insurance contract").

Plaintiffs argue Janice Adams nevertheless has standing to sue for breach of contract because State Farm waived any argument that she is not entitled to benefits under the Policy by accepting premium payments from her after receiving notice of her ownership interest in the Property. In support of their waiver argument, Plaintiffs rely primarily on *Hoffman v. Neshannock Mutual Fire Insurance Company*, 39 A.2d 145 (Pa. Super. Ct. 1944). In that case, a husband and wife conveyed a half-interest in their property to a third party without notifying their fire insurer of the change in ownership and obtaining the insurer's written consent, as required by the policy. *Id.* at 146. The couple also failed to pay an assessment levied by the insurer, causing the suspension of the policy. *Id.* Upon learning of the unpaid assessment, the third party contacted the insurance agent and then remitted the payment and a 10% penalty to the treasurer of the insurance company, along with a letter notifying the company he had acquired a one-half interest, referencing the recorded deed, and requesting an endorsement for the policy reflecting the change in ownership. *Id.* Less than a month later, a fire destroyed the property, and the insurer refused to pay, in part based on the lack of a written assignment of an interest in the policy to the third party, consented to by the insurer. *Id.* at 146-47. The three property owners sued the insurer, obtaining a favorable jury verdict. Affirming the verdict on appeal, the Superior Court concluded that by accepting payment of the assessment from the third party, which payment was accompanied by

7

his request for an endorsement reflecting the change in ownership, the insurer waived the requirement that a change in ownership could be effected only by a written assignment consented to by the insurer. *Id.* at 147. The court also held the insurer's "[a]cceptance of payment of the assessment . . . with knowledge of a change in ownership—a fact avoiding the policy—estopped the company from asserting avoidance on that ground after the loss occurred." *Id.*

Plaintiffs argue this case is similar to *Hoffman* in that State Farm accepted premium payments from Janice Adams after receiving notice that she was a co-owner of the property via its receipt of the new mortgage and deed. They maintain that under *Hoffman*, State Farm should be deemed to have "waived any defense related to Janice Adams and her entitlement to potential benefits under the Policy, including lack of standing to sue." ECF No. 13 at 28. As currently pleaded, however, the Amended Complaint does not support this theory.

While the Amended Complaint alleges State Farm had notice of Janice Adams's ownership interest in the Property, notice alone is not enough to establish waiver or estoppel. Indeed, the court in *Hoffman* recognized as much, holding it was the insurer's acceptance of payment of the assessment from the third party, "coupled with [his] request for 'an endorsement for the policy' to reflect the change in ownership, [that] constituted a waiver . . . ." 39 A.2d at 147; *see also Christ Gospel Temple v. Liberty Mut. Ins. Co.*, 417 A.2d 660, 662 (Pa. Super. Ct. 1979) (holding an insurer whose insured did not notify it of the sale of the insured property was *not* estopped from contesting the insured's assignment of the policy to the new owner simply because its agent inspected the property and became aware of the sale a few days before the property was damaged in a fire).

In their opposition brief, Plaintiffs also assert that State Farm accepted premium payments from Janice Adams, but this information does not appear in the Amended Complaint. Instead,

Plaintiffs' argument on this point is based on Janice Adams's testimony during her examination under oath, excerpts of which are attached to their opposition brief. The Court cannot properly consider this partial transcript at the motion to dismiss stage.[8] In evaluating a motion to dismiss, a court may consider only limited materials apart from the allegations of the complaint itself. A court may consider "exhibits attached to the complaint and matters of public record," as well as "document[s] integral to or explicitly relied upon in the complaint," but only to the extent that the plaintiff's claims are based on such documents. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (first quoting *Pension Benefit Guar. Corp.*, 998 F.2d at 1196; then quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)). Plaintiffs argue the Court may consider the transcripts of their examinations under oath because the Amended Complaint relies on the testimony given during the examinations. ECF No. 13 at 27 nn.4-5. But beyond noting the fact that the examinations were requested and conducted, the Amended Complaint references only the fact that the Plaintiffs provided documents at the examinations and J. Edison Adams's testimony that he owns a property in the Dominican Republic. Am. Compl. ¶¶ 8-9, 15-16. Plaintiffs offer no explanation as to how their claims are based on Janice Adams's testimony at her examination under oath, and the Court declines to consider the partial transcript at this stage of the litigation. *See Hanna v. Palisades Prop. & Cas. Ins. Co.*, No. 5:23-cv-01051-JMG, 2023 WL 4110067, at *4 (E.D. Pa. June 21, 2023) (declining to consider transcripts of insureds' initial interviews with insurer and examinations under oath where insureds "refer[red] to certain facts such as [their] statements given in initial interviews with [insurer]," but the "coordinating

---

[8] Nor can the Court consider Plaintiffs' "after-the-fact allegations" in their opposition brief in determining the sufficiency of the Amended Complaint, as "[i]t is axiomatic that [a] complaint may not be amended by the briefs in opposition to a motion to dismiss." *Frederico v. Home Depot*, 507 F.3d 188, 201-02 (3d Cir. 2007) (citation omitted).

transcripts [were] not 'integral to or explicitly relied upon in the complaint'" (citation omitted)); *Petcove v. Pub. Serv. Elec. & Gas*, No. 18-9709-WHW-CLW, 2019 WL 137652, at *2 (D.N.J. Jan. 8, 2019) (declining to consider examination under oath testimony at the motion to dismiss stage, even though both parties cited the testimony in their briefs).

Although Plaintiffs' breach of contract claim based on a waiver/estoppel theory is inadequately pleaded, the Court will allow them an opportunity to amend. The Court recognizes that even if it were to consider Janice Adams's testimony, Plaintiffs' waiver argument is considerably weaker than in *Hoffman*, where the co-owner of the property personally contacted the insurer to tender payment of the overdue assessment, and notified the insurer of his ownership interest. Here, in contrast, there is no allegation that Plaintiffs had any direct communication with State Farm regarding the change in ownership of the Property or that Plaintiffs ever requested that Janice Adams be added to the Policy. As to payment of the Policy premiums, Janice Adams testified only that the premiums are paid out of the mortgage payments, which are made from a Wells Fargo account solely in her name, and that she pays the bulk of the mortgage to which other household members contribute. *See* ECF No. 13-2 at 4-11. It is not at all clear what State Farm knew or had reason to know about the source of the payments, given that the premiums are paid as part of the mortgage and appear to be paid by the mortgagee. *See* Def.'s Ex. C, ECF No. 12-5 at 5 (noting payment for the policy is "to be paid by mortgagee"). Nevertheless, the Court is not persuaded amendment would be futile, and will therefore grant Plaintiffs leave to amend this claim.

Plaintiffs alternatively argue Janice Adams has standing as a third party beneficiary of the Policy. The Court disagrees. Under Pennsylvania law, a party may qualify as a third party beneficiary of a contract in one of two ways. A party may qualify as an express third party beneficiary if "both contracting parties . . . have expressed an intention that the third party be a

10

beneficiary, and that intention . . . affirmatively appear[s] in the contract itself." *Scarpitti v. Weborg*, 609 A.2d 147, 149 (Pa. 1992). In addition, the Pennsylvania Supreme Court has adopted Section 302 of the Restatement (Second) of Contracts "as a guide for analysis of third party beneficiary claims." *Id.* Under the Restatement, a party may qualify as an intended third party beneficiary of a contract if "(1) the recognition of the beneficiary's right [is] 'appropriate to effectuate the intention of the parties,' and (2) the performance . . . 'satisf[ies] an obligation of the promisee to pay money to the beneficiary' or 'the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.'" *Id.* at 150 (quoting *Guy v. Liederbach*, 459 A.2d 744, 751 (Pa. 1983)).

Plaintiffs do not contend Janice Adams qualifies as a third party beneficiary under the first test, and the Amended Complaint does not plead facts to support third party beneficiary status under that theory in any event. Although the Policy purports to insure persons beyond the named insured—including the spouse, civil union partner, domestic partner, or "relative" of the named insured, *see* n.6 *supra*—the Amended Complaint does not allege any facts suggesting Janice Adams had a relationship to J. Edison Adams that would qualify her as an intended beneficiary of the insurance contract.

Nor does the Amended Complaint plead facts from which it can be plausibly inferred that Janice Adams is a third party beneficiary under the less stringent Restatement test. The first part of the test "requires a court to determine whether the grant of standing would be 'appropriate to effectuate the intentions of the parties.'" *Estate of Agnew v. Ross*, 152 A.3d 247, 261 (Pa. 2017). Although the contract in question need not "expressly state that the third party is intended to be a beneficiary" to satisfy this standard, the party seeking third party beneficiary status still "must show that *both* parties to the contract so intended, and that such intent was within the parties'

11

contemplation at the time the contract was formed." *Burks v. Fed. Inc. Co.*, 883 A.2d 1086, 1088 (Pa. Super. Ct. 2005). Plaintiffs maintain this standard is satisfied here because the parties' intention was "for the homeowner, originally J. Edison Adams, to pay premiums in exchange for coverage by [State Farm]" and "[w]hen Janice Adams became co-owner, she paid premiums to State Farm in exchange for coverage." ECF No. 13 at 30. An intent to benefit Janice Adams is not apparent from the Policy itself, which specifies the categories of persons entitled to coverage based on their relationship to the named insured. Moreover, "an ownership interest in an insured property does not, alone, make one a third-party beneficiary of the policy," *Davis v. AMCO Ins. Co.*, No. 1:24-CV-00632, 2024 WL 4592998, at *6 (M.D. Pa. Oct. 28, 2024), and while Plaintiffs assert in their opposition brief that Janice Adams also paid premiums to State Farm, this information does not appear in the Amended Complaint, as discussed above.

Defendants also argue the second part of the Restatement test is not satisfied here. The Court agrees. There is no allegation that J. Edison Adams, the promisee with respect to State's Farm's promise to provide coverage, owes a debt to Janice Adams, so performance of the promise would not "satisfy an obligation of the promisee to pay money to the beneficiary." And the Amended Complaint does not allege circumstances indicating J. Edison Adams intends to give Janice Adams the benefit of the promised performance, particularly where he is seeking the promised performance for himself as a co-plaintiff in this case.[9] *See Ruger v. QBE Ins. Corp.*, No. 3226 EDA 2011, 2013 WL 11266161, at *3 (Pa. Super. Ct. Apr. 12, 2013) (noting that "under

---

[9] Plaintiffs posit that J. Edison Adams is the promisor for purposes of the third party beneficiary analysis based on his promise to pay State Farm premiums in exchange for coverage. ECF No. 13 at 30. But Janice Adams seeks to benefit from State Farm's promise to provide coverage, making State Farm the promisor and J. Edison Adams the promisee.

12

Pennsylvania law, a third party beneficiary's rights and limitations in a contract are the same as those of the original contracting parties" (citation omitted)).

Because the Amended Complaint does not sufficiently allege either that Janice Adams is a party to, an insured under, or a third party beneficiary of the insurance contract, or that State Farm is precluded from denying her coverage based on waiver or estoppel, Janice Adams lacks standing to sue for breach of contract and bad faith.  *See, e.g.*, *Weiser v. Great Am. Ins. Co.*, 453 F. Supp. 3d 711, 718 (E.D. Pa. 2020) (holding a party who is neither an insured nor a third party beneficiary of an insurance policy cannot assert a claim for breach of contract or statutory bad faith); *Banos*, 2007 WL 2972600, at *2 (same).  Accordingly, the Amended Complaint will be dismissed. Plaintiffs will be given leave to amend.

An appropriate order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.